(52 Misc. Rep. 614)

## PEOPLE v. McCLELLAN.

(Supreme Court, Special Term, New York County.   February, 1907.)

ELECTIONS—BALLOT BOXES—CONTROL AFTER ELECTION.

A motion to take ballot boxes containing the votes cast at an election for mayor from the custody of the officer with whom they were deposited under Laws 1896, p. 963, c. 909, § 111, and appointing guards for such boxes, will not be granted, without proof showing reasonable grounds for fear that they will be tampered with or exposed to the danger of loss.

Proceeding by the people against George B. McClellan.   Motion to vacate an order impounding the ballot boxes containing the ballots cast at the election for mayor in the city of New York.   Motion granted, and order vacated.

See 103 N. Y. Supp. 146.

William S. Jackson, Atty. Gen. (Clarence J. Shearn, of counsel), for the People.

William B. Ellison, for defendant.

LEVENTRITT, J. I prefer to place the decision of this motion on broad grounds, ignoring what may be serious technical objections. In my opinion the court should not make, or, having made, should not continue in force, an order which would interfere with the established custody of ballot boxes, as declared by the legislative enactment. Those boxes, under section 111 of the election law (Laws 1896, p. 963, c. 909), are directed to be deposited, securely locked and sealed, in the custody of the officer or board furnishing them—in the case at bar the board of elections. I question the power of the court to change that custody. I concede the power of the court to make such directions as will preserve inviolate the ballots and the boxes, provided those directions do not interfere with the regularly constituted depositaries. In the case under consideration the boxes are not in the charge or control of either litigant. They are in the hands of public officers, there located according to law, and by every well-recognized principle of law those officers are entitled to the presumption that they will perform their duties according to their oaths of office; and one of those duties is that they will safeguard against all interference or disturbance the ballot boxes and their contents.

Assuming that there is in the court the supervisory power to transfer the custody of the boxes, which it could exercise upon the presentation of adequate facts, I fail to find in the papers upon which the impounding order was based facts of that character. Though the allegations are broad enough in form they are conclusions merely. Expressions of fear that the ballot boxes will be tampered with, in the absence of facts going to show reasonable grounds for such fear are certainly not sufficient. Even though the court had power, and the grounds were sufficient, it seems to me that the court should act in a manner which would secure the inviolability of the custody contemplated by law and not seek to effect any change in that regard. The preservation of the ballot is the preservation of the evidence. In order that, in the event of a recount, the admissibility of the ballots as evidence should not become involved in doubt, and that their probative force and value be not impaired, it is my opinion that no order should have been made, or ought to be continued, by which there would be a transfer of the ballot boxes from the regularly constituted custodianship of the board of elections to the Attorney General, or to any other person. The order does not in any wise relate to the preservation of the ballots for the purpose of future evidence. Upon sufficient grounds, if such arise, showing that the ballots are in jeopardy, their existence exposed to interference or loss, or that the ballot boxes are liable to be tampered with or destroyed, the court, if satisfied thereof, might well be called upon to make an order to insure their preservation beyond peradventure; but, so far as now appears, no such grounds exist.

The motion should be granted, and the order impounding the ballot boxes, should be vacated.

Upon a subsequent motion to modify the order vacating the original order impounding the ballot boxes, by continuing in force so much of said original order as provided for guarding the ballot boxes, the following opinion was given:

LEVENTRITT, J. The decision of this motion could well be based upon the ground·that it is premature, in that no order upon the former motion has been entered, no appeal has been taken, and no form of stay can be granted in anticipation of a possible appeal. That such an appeal is a mere possibility has been emphasized by the statement of the Assistant Attorney General, wherein he hesitates to affirm that an appeal is to be taken. But, aside from that consideration, he suggests that, lest these boxes be tampered with, the guards should be continued. There is no evidence before me yet that any attempt has been made to tamper with these boxes, and while, of course, the litigation that is pending is all-important and concerns all the people of the state, nevertheless I do not think that I would be justified in casting a reflection upon the board of elections, when there is no intimation whatsoever that they have been remiss in the performance of their duty. To retain the guards would in effect restore a substantial portion of what I deem an extraordinary order, the counterpart of which the Attorney General will find it difficult to discover anywhere, and I do not think that any part of that order should be continued in force. I not only suggest to the Attorney General, but I invite him to bring to the attention of the court any means by which greater safeguard could be placed against possible tampering with the ballot boxes, in the event that there is any indication whatsoever, even remote, that an effort has been made, or even an inclination shown, to tamper with them, or if the ballot boxes are not now deposited either in fireproof buildings or in safe and secure apartments, and if such facts are brought to the attention of the court I should not for a moment hesitate to direct the board of elections to select some place which would meet all the possibilities of the situation.

Under the circumstances now disclosed, however, this motion must be denied.